IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN PHLIPSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:19-cv-459 |
| LA MIRADA, LLC, | ) | |
| d/b/a SATX MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, RYAN PHIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendant LA MIRADA, LLC, d/b/a SATX MANAGEMENT, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff RYAN PHLIPSEN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

(Bexar County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.     Defendant LA MIRADA, LLC, d/b/a SATX MANAGEMENT, LLC (hereinafter "LA MIRADA") is a Limited Liability Company that transacts business in the state of Texas and within this judicial district.

8.     LA MIRADA may be properly served with process via its registered agent for service, to wit: Joe M. Kboudi, 7300 Blanco Road, San Antonio, Texas, 78216.

**FACTUAL ALLEGATIONS**

9.     On or about April 2, 2019, Plaintiff was a customer at "Modern Nails" a

2

business located at 3655 Fredericksurg Road, San Antonio, Texas 78201, referenced herein as the "Modern Nails."

10.    Modern Nails is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

11.    La Mirada is the owner or co-owner of the real property and improvements that the Modern Nails is situated upon and that is the subject of this action, referenced herein as the "Property."

12.    Plaintiff lives approximately 4 miles from the Modern Nails and Property.

13.    Plaintiff's access to the business(es) located at 3655 Fredericks Road, San Antonio, Bexar County Property Identification number 414990 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Modern Nails and Property, including those set forth in this Complaint.

14.    Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

15.     Plaintiff intends to revisit the Modern Nails and Property to purchase goods and/or services.

16.     Plaintiff travelled to the Modern Nails and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Modern Nails and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Modern Nails and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

18.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to

4

make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

19.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

20.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

21.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22.     The Modern Nails is a public accommodation and service establishment.

23.     The Property is a public accommodation and service establishment.

24.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

26.     The Modern Nails must be, but is not, in compliance with the ADA and ADAAG.

27.     The Property must be, but is not, in compliance with the ADA and ADAAG.

28.     Plaintiff has attempted to, and has to the extent possible, accessed the Modern Nails and the Property in his capacity as a customer of the Modern Nails and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Modern Nails and Property that preclude and/or limit his access to the Modern Nails and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Plaintiff intends to visit the Modern Nails and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Modern Nails

and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Modern Nails and Property that preclude and/or limit his access to the Modern Nails and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Modern Nails and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Modern Nails and Property, including those specifically set forth herein, and make the Modern Nails and Property accessible to and usable by Plaintiff and other persons with disabilities.

32.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Modern Nails and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Modern Nails and Property include, but are not limited to:

    **(a)    ACCESSIBLE ELEMENTS:**

7

(i) There is a doorway threshold at Unit 119 with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2, due to a failure to maintain which causes broken and unstable surfaces, in violation of section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(ii) Due to a failure to implement an adequate policy of ground maintenance, ground surfaces of the accessible route near Unit 114 have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iii) There are two accessible parking spaces near Southern Finance that are missing proper identification signs in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv) Accessible parking spaces and associated access aisle near Southern Finance have a surface slope and cross-slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v) The access aisle serving the accessible parking spaces near Southern Finance is not at the same level as the parking spaces it serves in violation of section

502.4 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to exit and enter their vehicle if parked at that accessible parking space.

(vi)     There is at least one access aisle that has excessive vertical rise at the base of the platform inside the access aisle and is in violation of section 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii)    The access aisle to the accessible parking space near Unit 107 is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii)   One or more accessible parking spaces, including the space nearly Unit 107, have excessive vertical rises, are not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix)     There is a doorway threshold at Unit 106 with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of section 404.2.5 of the 2010 ADAAG standards. This violation

made it dangerous and difficult for Plaintiff to access the interior of the Property.

(x) Due to a failure to maintain the integrity of the handrails for the accessible ramp near Unit 104, the Property has at least one accessible ramp with a clear width less than 36 (thirty-six) inches in violation of section 405.5 of the 2010 ADAAG standards because the handrails lean into the clear floor space of the ramp. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)    There are two accessible parking spaces across from Aaron's that are missing proper identification signs in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xii)    There are two accessible parking spaces across from Aaron's that are not located on the shortest distance to the accessible route leading to the accessible entrances in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xiii)    There is a policy of placing parking stops in the access aisles at the Property.  Specifically, there is a parking stop located in the access aisle of the accessible parking space nearest Aaron's which improperly encourages parking in the access aisle in violation of section 502.3.3 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff to leave a vehicle when parked in this accessible parking space.

(xiv)   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

33.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Modern Nails and Property.

34.    Plaintiff requires an inspection of Modern Nails and Property in order to determine all of the discriminatory conditions present at the Modern Nails and Property in violation of the ADA.

35.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36.    All of the violations alleged herein are readily achievable to modify to bring the Modern Nails and Property into compliance with the ADA.

37.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Modern Nails and Property is readily achievable because the nature and cost of the modifications are relatively low.

38.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Modern Nails and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

39.    Upon information and good faith belief, the Modern Nails and Property have been altered since 2010.

11

40.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Modern Nails and Property, including those alleged herein.

42.     Plaintiff's requested relief serves the public interest.

43.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

44.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

45.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Modern Nails and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Modern Nails in violation of the ADA and ADAAG;

(b)     That the Court find La Mirada in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(d)     That the Court issue an Order requiring Defendant to (i) remove the

physical barriers to access and (ii) alter the subject Modern Nails to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: May 2, 2019.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
1640 Powers Ferry Road, SE
Building 17, Suite 200
Marietta, GA 30067
Tele: (404) 805-2494
Fax: (678) 428-5356
Email: dennis@kurzlawgroup.com